**S.D. EDMONDS, Plaintiff,**

v.

**FEDERAL BUREAU OF INVESTIGATION, Defendant.**

**No. CIV.A. 02–1294(ESH).**

United States District Court, District of Columbia.

March 4, 2004.

David K. Colapinto, Stephen Martin Kohn, Kohn, Kohn & Colapinto, P.C., Washington, DC, for Plaintiff.

Pamela D. Huff, U.S. Attorney's Office, Vesper Mei, U.S. Department of Justice, Washington, DC, for Defendant.

### MEMORANDUM OPINION

HUVELLE, District Judge.

Plaintiff Sibel D. Edmonds has moved for an award of attorney's fees and costs pursuant to Fed.R.Civ.P. 54(d). Plaintiff seeks fees and costs arising from her civil action against defendant under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, and the Privacy Act, 5 U.S.C. § 552a. Plaintiff sought documents from the Federal Bureau of Investigation ("FBI") relating to her employment, including her personnel file, her allegations of wrongdoing at the FBI, investigations related to her whistleblower allegations, her security clearance, and the investigation and/or adjudication of her security clearance. Defendant ultimately produced 346 pages out of 1486 responsive documents. Plaintiff now asserts that she is entitled to attorneys' fees of over $69,000 based on the Court's Order requiring expedited processing of her FOIA request, and the release of three documents (Edmonds–775, 776, and 777). Because the Court disagrees, plaintiff's motion for attorney's fees will be denied.

### BACKGROUND

In July 2002, after having exhausted her administrative remedies, plaintiff filed an amended complaint with this Court, seeking expedited review of her FOIA request and release of all responsive documents. (Am.Compl.¶ 19–24.) Based on defendant's answer, the Court ordered defendant to either file a dispositive motion or a schedule by which defendant would produce plaintiff's requested documents. (Order, Sept. 3, 2002.) Prior to the filing of defendant's proposed schedule, plaintiff moved for partial summary judgment on her claim for expedited processing of the FOIA request. (Pl.'s Mot. for Partial Summ. J., Oct. 2, 2002.) In response, defendant offered to move up its production date to January 20, 2003, instead of the April 1 date offered in its proposed schedule, in order to "moot out" plaintiff's motion and avoid further briefing on the matter. (Letter from Mei to Colapinto of 10/8/02; Def.'s Mem. in Opp. to Pl.'s Mot. for Partial Summ. J. at 1.)

Plaintiff rejected the January 20th offer and advanced a counter proposal:

(1) The FBI shall agree that Plaintiff is the *prevailing party* on the motion for partial summary judgment, and the FBI shall agree to release the responsive documents on or before November 15, 2002. The FBI shall also agree that Plaintiff is *entitled to payment* of reasonable statutory attorneys fees and costs for the time devoted to litigating the FOIA expedition issue.

(2) The terms referenced above shall be agreed to in writing and the court shall be notified of such agreement, and the agreement should be formalized by requesting the court to enter an appropriate *"consent order"* that contains these terms.

(Letter from Colapinto to Mei of 10/11/02, at 3) (emphasis added). Defendant did not offer a counter to this proposal and resolution was left to the Court.

On December 3, 2002, the Court granted plaintiff's motion, rejecting defendant's opposition and its motion for an *Open America* stay. (Order, Dec. 3, 2002.) As a result of a hearing on this matter, the Court ordered defendant to complete the expedited processing of plaintiff's FOIA request and produce all responsive documents as to which it did not claim any exemption by January 31, 2003. (*Id.*) The

Court later extended this deadline to February 10, 2003, on which date defendant produced 343 pages of the 1486 pages which had been identified as responsive. (Pl.'s Reply Mem. at 7.)

Defendant moved for summary judgment on the documents that it withheld from release. The Court granted this motion (with the exception of three documents) on July 24, 2003, and granted the remainder of that motion and dismissed the case on October 17, 2003. (Order, Oct. 17, 2003.) In the interim, the Court reserved judgment on certain withholdings and required defendant to provide further explanation of its position. The defendant then voluntarily released three documents (Edmonds–775, 776, 777), and satisfactorily proved the legal basis for withholding the remaining documents. Thus, the Court granted summary judgment in favor of defendant and dismissed plaintiff's case. Plaintiff has appealed both the Court's July 24, 2003 and October 17, 2003 Orders granting summary judgment for defendant and dismissing her case with prejudice.

Plaintiff has now filed a motion for attorneys' fees relating to the Court's Order of December 3, 2002 that required expeditious treatment of her FOIA request and relating to the release of Edmonds–775 and Edmonds–776. Because the Court finds that plaintiff did not substantially prevail on her FOIA claim, the Court will deny her motion for attorney's fees.

## LEGAL ANALYSIS

■ FOIA allows the Court, in its discretion, to "assess against the United States reasonable attorney's fees and other litigation costs reasonably incurred in any case ... in which the complainant has substantially prevailed." 5 U.S.C. § 552(a)(4)(E) (2002). The meaning of the phrase "substantially prevailed" has been dramatically altered by the Supreme Court's decision in *Buckhannon Bd. & Care Home, Inc. v. West Virginia Dep't of Health & Human Res.*, 532 U.S. 598, 603, 121 S.Ct. 1835, 149 L.Ed.2d 855 (2001). In *Buckhannon,* the Supreme Court rejected the so-called "catalyst theory" for awarding attorney's fees. *Id.* at 605, 121 S.Ct. 1835. Instead, the Court held that there must be a "judicially sanctioned change in the legal relationship of the parties" for the plaintiff to be awarded attorney's fees as a prevailing party. *Id.*

This Circuit has applied *Buckhannon* to FOIA cases. *Oil, Chem. & Atomic Workers Int'l Union v. Dep't of Energy*, 288 F.3d 452, 456–57 (D.C.Cir.), *reh'g en banc denied* (Aug. 8, 2002). In that case, the Court was crystal clear:

> We therefore hold that in order for plaintiffs in FOIA actions to become eligible for an award of attorney's fees, they must have "been awarded some relief by a court," either in a judgment on the merits or a court-ordered consent decree.

*Id.* (citing *Buckhannon*, 532 U.S. at 603, 121 S.Ct. 1835).

En route to this conclusion, the Circuit rejected the argument that a motion to dismiss alters the legal relationship between the parties, and more importantly, it viewed a stipulation and order, which directed the government to complete its review of the requested documents and produce any non-exempt documents within 60 days, as an interim order,

> properly viewed as a procedural ruling that cannot serve as the basis for a determination that the union prevailed.... The only part of the order which arguably changed the legal status of the parties was the requirement that the Energy Department complete its record review in 60 days.... *This is not*

*judicial relief on the merits of the union's complaint.*

288 F.3d at 458–59 (emphasis added) (internal citations omitted). Further, the Court made clear that in the absence of a judgment by the Court regarding the legality of the government's withholding of documents, there was no decision on the merits as required by *Buckhannon.*

■ In her lengthy pleadings, plaintiff attempts to distinguish her case from *Oil, Chem. & Atomic Workers.* This is simply not possible. The government's voluntary production of two documents prior to any court ruling on the propriety of their withholding under Exemption 2 and the successful prosecution of a motion for expedited processing does not transform plaintiff into a "prevailing party" under current law.[1] There was no judicial relief ordered in plaintiff's favor with respect to the merits of her FOIA requests (as opposed to a procedural ruling regarding the timing of production). The Court never ordered production of any challenged documents, and moreover, a court order requiring expedited processing does not rise to the level of a " 'material alteration of the legal relationship of the parties' necessary to permit an award of attorney's fees." *Buckhannon,* 532 U.S. at 604, 121 S.Ct. 1835 (citation omitted).[2]

## CONCLUSION

For the foregoing reasons, plaintiff's motion for attorneys' fees is denied, and defendant's motion for stay of fee proceeding is therefore denied as moot.

1. Thus, plaintiff's extensive (and unnecessary) reliance on pre-*Buckhannon* case law is to no avail.

2. Given the Court's resolution that plaintiff is not eligible for attorney's fees, it need not

## *ORDER*

Upon consideration of Plaintiff's Motion for Attorneys' Fees [# 58] and Defendant's Motion for Stay of Fee Proceeding [# 62], the oppositions and replies thereto, and for the reasons stated in the accompanying Memorandum Opinion, it is this 4th day of March, 2004, hereby

**ORDERED** that plaintiff's motion for attorneys' fee is **DENIED**; and it is

**FURTHER ORDERED** that defendant's motion for stay of fee proceeding is **DENIED AS MOOT.**

**SO ORDERED.**

address defendant's persuasive arguments as to the second step of the inquiry regarding entitlement to fees.  *See Church of Scientology v. Harris,* 653 F.2d 584, 587 (D.C.Cir.1981).